# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS LANE, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 13-0570-KD-C |
| SHERIFF SAM COCHRAN, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that the complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the amended complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that this action be dismissed in its entirety.

**I. Complaint (Doc. 1) and Amended Complaint (Doc. 10).**

In plaintiff's barely legible, brief complaint, he names one defendant, Mobile County Sheriff Sam Cochran. (Doc. 1 at 5). Plaintiff alleges that he does not have access to a law library, stamps, envelopes, paper, and carbon paper ("litigation supplies"), which he needs in order to communicate with the court and to defend himself. (*Id.* at 4-5). He advises that the provided postcards cannot be used to contact the court on a

confidential (illegible) matter. (*Id.* at 4).[1] For relief, he wants a law library installed and indigents to be given kits to communicate with the court. (*Id.* at 7). The remainder of the request is indecipherable.

In a self-styled amended complaint, plaintiff wants to add a claim that the jail did not allow him to see his "legal workers." (Doc. 10 at 1). No new defendant is identified in the amended complaint. For his claim, plaintiff alleges that on February 7, 2014, the jail would not allow him to see Lauren Donaldson, a law student at Cumberland School of Law in Birmingham, who accompanied his attorney, because she was not on his visitors list. (*Id.*). Then, on March 7, 2014, he asked Captain Sadie Stallworth if Miss Donaldson could see him now. (*Id.*). Stallworth responded that people who are a part of the legal team must have a card from the bar stating that they are attorneys. (*Id.*). Plaintiff then asked why Jody (illegible) who is his "(illegible) expert" could see him without a bar card. (*Id.*). Stallworth responded that he would not be visiting any more. (*Id.*). Plaintiff countered that he is facing a death sentence and the courts are paying the expert for a report. (*Id.*). Stallworth replied that plaintiff would not be seeing him any more and would need to get a court order. (*Id.*). For relief, plaintiff wants an "order [for] the Mobile County Jail to allow my legal workers to see [him]." (*Id.*).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) and amended complaint (Doc. 10) under 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff directs the Court to examine the action brought by John Reutcke against Sam Cochran, CA 12-0475-CG-B, because an order in it requires that the jail add a law library and provide postage by November, 2013. (Doc. 1 at 4). A review of *Reutcke v. Cochran,* CA No. 12-0475-CG-B (S.D. Ala. Oct. 30, 2013), does not reflect that such an order was entered in that action. In fact, the action was dismissed prior to service of process on any defendant. (Docs. 17, 19).

2

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

3

otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

#### A. Complaint.

Plaintiff's claim in his complaint (Doc. 1) is properly characterized as one for denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 2187 n.12, 153 L.Ed.2d 413 (2002) (recognizing that a right of access to courts arises from the First, Fourth, or Fourteenth Amendments). In the pivotal case of *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. at 1498. Later, in *Lewis v. Casey*, 518 U.S. 343, 354, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996), the Court observed that an inmate's right of access to the courts can be fulfill in different ways, for example, access to law libraries, a system of court-provided forms, or minimal access to legal advice. *Id.* at 352, 116 S.Ct. at 2180. The *Lewis* Court also clarified that the *Bounds* decision "did not create an abstract, freestanding right to a law library or legal assistance[.]" *Id.* at 351, 116 S.Ct. at 2180. The *Lewis* Court noted "law libraries and legal assistance programs are not ends

in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id*. (quotation marks omitted).

Because there is not a freestanding right to a law library or legal assistance, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351, 116 S.Ct. at 2180. The *Lewis* Court held that "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The inmate must show that he sustained an actual injury by showing that he was frustrated or impeded in attacking his conviction, directly or collaterally, or in a civil rights action seeking to vindicate basic constitutional rights. *Id.* at 354, 355, 116 S.Ct. at 2181-82; *see Cunningham v. District Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) ("The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts."). The inmate must further show that the claim that he was advancing was a nonfrivolous claim. *Lewis,* 518 U.S. at 353, 116 S.Ct. at 2181. This underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 415-16, 122 S.Ct. at 2187. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, plaintiff alleges that he does not have access to a law library and litigation supplies to facilitate his legal efforts. He does not identify the legal action for which he needs access to a law library and to litigation supplies. Due to lack of

5

information about any other legal proceedings, the Court deduces that his request relates to the criminal proceeding that could result in a death sentence. *See* Doc. 10 at 1. Plaintiff identifies no specific claim, much less one that is a nonfrivolous claim. He only states that he cannot defend his rights without a law library or litigation supplies. *See* Doc. 1 at 4. On the other hand, and most importantly, in the amended complaint plaintiff indicates that he does have counsel representing him. *See* Doc. 10 at 1.[3]

Having legal representation prevents plaintiff from establishing that he has been deprived access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1287, 1291 (11th Cir. 1998) (finding that the inmate's claim that the absence of a law library at the jail caused him to plead guilty to the pending charge did not show a violation of the right of access to courts because the inmate had legal representation); *Baity v. Campbell*, No. 4:10-CV-542-SPM-GRJ, 2011 WL 3648237, at *2 (N.D. Fla. July 13, 2011) (unpublished) (finding that the inmate's claim for denial of access to a law library was subject to dismissal under § 1915(e)(2)(B) as he was represented by counsel even though he was dissatisfied with his court-appointed counsel's performance); *Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir.) (unpublished) (affirming the *sua sponte* dismissal of a denial of access to courts claim because "a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been

---

[3] The Court discovered through a search on Westlaw that Alabama Court of Criminal Appeals reversed plaintiff's capital murder conviction for the death of his wife because he was wrongly denied his counsel of choice. *Lane v. State,* 80 So.3d 280, 303 (Ala. Crim. App. 2010), *cert. quashed by* 80 So.3d 303 (Ala. 2011), *cert. denied,* 132 S.Ct. 1144 (2012).

Furthermore, this Court's docket reflects that plaintiff previously brought two § 1983 actions, namely, *Lane v. Johnston,* CA No. 13-0491-KD-N (S.D. Ala. Mar. 13, 2014) (action against trial judge dismissed as frivolous), and *Lane v. Stallworth,* CA No. 12-0277-CG-M (S.D. Ala. Aug. 7, 2012) (voluntary dismissal with settlement on plaintiff's complaint for deprivation of glasses and legal papers).

provided the option of legal counsel"),⁴ *cert. denied*, 132 S.Ct. 272 (2011); *see also Kane v. Garcia Espitia*, 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (holding in a habeas case that there was no clearly established right under federal law for access to a jail law library while a pretrial detainee is proceeding as a *pro se* defendant in a criminal case after discharging his lawyer). Accordingly, the undersigned determines that plaintiff's claim is frivolous because it lacks an arguable basis in the law.

Furthermore, the case for which plaintiff is seeking access to a law library or litigation materials appears to be his criminal case. An initial criminal proceeding is not one of the actions identified in *Lewis* in which an injury for a claim for denial of access to courts can be established. *Lewis*, 518 U.S. at 355, 116 S.Ct. at 2182 (finding that an inmate's claim for denial of access to courts must be based on an underlying action that attacks a conviction, on a direct appeal or in a post-conviction proceeding, or that is a civil rights action seeking vindication of a basic constitutional right); *see Al-Amin v. Smith,* 511 F.3d 1317, 1322 (11th Cir.) ("the limited types of legal claims protected by the access-to-courts right [are] nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits"), *cert. denied,* 555 U.S. 820 (2008); *Wilson,* 163 F.3d at 1290 ("prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action"); *cf. Wilson,* 163 F.3d at 1287 (finding that a forfeiture action was not one of the actions specified by *Lewis* in which a claim for the denial of access to courts will lie); *Reitmire v. Florida Attorney Gen.,* No. 2:07-cv-620-FtM-29DNF, 2008 WL 341439, at *3 (M.D. Fla. Feb. 5, 2008) (finding the complaint failed to state a claim because the

---

⁴ "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

required harm could not be shown as the plaintiff's criminal case was still pending before the circuit court). Accordingly, the undersigned determines that plaintiff's claim is frivolous because it lacks an arguable basis in the law, and it is due to be dismissed with prejudice.

**B. Amended Complaint.**

In the amended complaint, plaintiff brings a claim that his legal workers are not allowed to see him. (Doc. 10 at 1). A law student was not allowed to see him because she did not have bar card and was not on his visitation list, and his expert would not be allowed to see him because he did not have bar card. (*Id.*).[5]

This amended complaint is lacking in facts that would present a plausible claim of constitutional dimension. The word "defendant" is not used in the amendment. Instead plaintiff states that he wants the *jail* to be ordered to allow his legal workers to see him inasmuch as he claims that the *jail* is not letting him see his legal workers. (*Id.*). No allegations mention defendant Cochran's name or reflect any involvement by defendant Cochran, just the jail or Captain Stallworth. Due to the imprecise nature in the pleading of the amendment, the Court is unable to discern to whom it is directed. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (in a § 1983 action, a defendant's actions, omissions, customs, or policies must be causally connected to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim).

---

[5] Plaintiff included in his allegations that Ms. Donaldson was not on his visitation list, which was given as the initial reason that she could not visit with plaintiff. Plaintiff made no other allegations regarding the jail's visitation policy. Instead, the focus of his allegations concern gaining access to the courts and defending himself. The Court notes in passing that for those individuals who are incarcerated, the ability to visit is restricted, as no longer does an absolute right to visit exist. *See Bell v. Wolfish,* 441 U.S. 520, 546 n.28, 99 S.Ct. 1861, 1878 n.28, 60 L.Ed.2d 447 (1979); *Block v. Rutherford,* 468 U.S. 576, 587, 104 S.Ct. 3277, 3233, 82 L.Ed.2d 438 (1984); *Kentucky Dept. of Corrs. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); *Lynott v. Henderson,* 610 F.2d 340, 342 (5th Cir. 1980); *Evans v, Johnson,* 808 F.2d 1427, 1428 (11th Cir. 1987).

As a consequence, the Court finds that the required causal connection has not been established. *Id.* For this reason alone, the amended complaint fails to state a claim upon which relief can be granted.

Alternatively, if the Court were to assume, without deciding, that plaintiff intended to direct his claim to defendant Cochran, who was previously named as a defendant and who is charged by law with operating the jail, the Court deduces that due to the lack of allegations, the capacity in which defendant Cochran acted with respect to the amended complaint's claim is as a supervisor. *See* ALA. CODE § 14-6-1 (an Alabama sheriff "has the legal custody and charge of the jail in his county and all prisoners committed thereto"). "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Supervisor liability arises "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* A causal connection is demonstrated when "the supervisor's ' 'custom or policy ... result[s] in deliberate indifference to constitutional rights' ' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.' " *Id.* (quotations omitted). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id.* at 1360-61.

Here, plaintiff did not describe how defendant Cochran was involved in his claims. As a result, the Court is placed in the position having to speculate. This would involve the Court in a process of rewriting plaintiff's claims, which it is not permitted to

9

do. *GJR Investments*, 132 F.3d at 1369 (a court does not have "license . . . to rewrite a complaint . . . in order to sustain an action"). Considering there is no mention of defendant Cochran's name or facts that would constitute a plausible claim against a supervisor, the Court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the amended complaint is due to be dismissed without prejudice.

Furthermore, to the extent there is an argument that being unable to meet with these two individuals deprives him of access to the courts, such a claim fails for the reasons stated with respect to his primary denial-of-access- to-the-courts claim in the complaint. That is, plaintiff has not identified an underlying, nonfrivolous claim in a post-conviction proceeding or an action challenging his conditions of confinement that is being hampered or impede by not being able to see these two individuals. *Christopher*, 536 U.S. at 415-16, 122 S.Ct. at 2187. A claim in this vein is due to be dismissed with prejudice as frivolous.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that the complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the amended complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that this action be dismissed in its entirety.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 23rd day of June, 2014 .

s/ WILLIAM E. CASSADY<br>UNITED STATES MAGISTRATE JUDGE